# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alexandria Square
Condominium Unit
Owners Assn.
Board of Directors

v.

Reginald Wright

December 21, 1999

Case No. CH980988

BY JUDGE JOHN E. KLOCH

This matter came before this court on the complainant's ("Alexandria Square") Motion to Confirm Commissioner's Report and Appoint a special Commissioner of Sale. The Court took this matter under advisement on December 8, 1999, in order to review fully the Commissioner's Report, filed November 2, 1999, the Exceptions to Report of the Commissioner in Chancery filed by the Virginia Housing Development Authority ("VHDA") on November 12, 1999, and to review the arguments presented by the parties at the December 8, 1999, hearing on this matter. For the reasons stated herein, the Motion to Confirm the Commissioner's Report and Appoint a Special Commissioner of Sale is granted.

VHDA excepts to two portions of the Commissioner's Report. First, VHDA argues that the attorneys' fees incurred by Alexandria Square are not entitled to priority over VHDA's first deed of trust.

The Commissioner's Report determines that the property is owned in fee simple by Reginald Wright, subject to the following liens *in the order of their priority*:

1. Costs of this proceeding, which are undetermined at this time;

2. City of Alexandria real estate taxes are paid through December 31, 1997, and are thereafter a lien;

3. Deed of trust dated April 17, 1992, recorded April 21, 1992, in deed book 1364, page 1229, Alexandria, Virginia, securing Virginia Housing Development Authority, in the original principal amount of $66,150.00. This deed of trust has a pay off balance, as of May 20, 1999, of $61,836.97 plus daily interest of $13.1925 thereafter;

4. Memorandum of Lien for unpaid condominium assessments in favor of Alexandria Square recorded August 18, 1997, in deed book 1611, page 118, securing Alexandria Square in the amount of $1,155.55, plus interest, costs, and attorney's fees;

5. Memorandum of Lien for unpaid condominium assessments in favor of Alexandria Square, recorded August 18, 1997, in deed book 1611, page 119, securing Alexandria Square in the amount of $1,583.06, plus interest, costs, and attorney's fees;

6. Memorandum of Lien for unpaid condominium assessments in favor of Alexandria Square, recorded July 29, 1998, in deed book 1653, page 1312, securing Alexandria Square in the amount of $1,685.08, plus interest, costs, and attorney's fees;

7. Memorandum of Lien for unpaid condominium assessments in favor of Alexandria Square, recorded July 29, 1998, in deed book 1653, page 1313, securing Alexandria Square in the amount of $820.04, plus interest, costs, and attorney's fees;

8. Judgment in favor of Alexandria Square, dated August 28, 1996, in the amount of $3,769.72, plus interest, costs, and attorney's fees;

9. Judgment in favor of Alexandria Square, dated October 29, 1997, for $2,173.61, plus interest, costs, and attorney's fees;

10. Judgment in favor of Alexandria Square on September 2, 1998, in the amount of $1,940.12, plus interest, costs, and attorney's fees.

Va. Code § 55-79.84(A) provides that:

the unit owners' association shall have a lien on every condominium unit for unpaid assessments. . . . The said lien, once perfected, shall be prior to all other liens and encumbrances except (i) real estate tax liens on that condominium unit, (ii) liens and encumbrances recorded prior to recordation of the declaration, and (iii) sums unpaid on any first mortgages or first deeds of trust recorded prior to perfection of said lien for assessments and securing institutional lenders.

Thus, VHDA's lien has priority over Alexandria Square's lien.

However, Va. Code § 55-79.84(E) provides that:

The judgment or decree in an action brought pursuant to this section shall include, *without limitation,* reimbursement for costs and attorney's fees, together with interest at the maximum lawful rate for the sums secured by the lien from the time each such sum became due and payable.

(Emphasis added.)

In *Skyline House Unit Owners Assoc., Inc. v. Khatib, Khalik, et al.,* Case No. C150273 (Fairfax County, 1998), the first deed of trust holder, FSB, objected to the Commissioner's Report to the extent that it placed fees and expenses for the sale of the property, and costs and attorney's fees to the Association, paid to enforce this cause, in a higher priority than the deed of trust. Judge Roush determined that, although Va. Code § 55-79.84(A) gave the first deed of trust lien priority over the lien of the Association, Va. Code § 55-79.84(E) provided for attorney's fees and costs, without limitation, as part of the judgment or decree in this type of action. The judge ruled that the fees and expenses of sale and the costs of the Association paid to enforce the lien were properly paid prior to the lien held by FSB.

Similarly, in *Columbia National, Inc. v. Lafayette Park Unit Owners Assn.,* Case No. C143592 (Fairfax County, 1997), Judge Stitt ruled that the priority of the costs of the foreclosure proceedings and attorney's fees in the underlaying case, "*over* the lien of the first deed of trust of Columbia National, Inc., arises by virtue of the provisions of Section 55-79.84(E) of the Code of Virginia 1950, as amended, and *not* by virtue of the Defendant's [Owners Association's] assessment lien." (Emphasis added.) On appeal, the Supreme Court of Virginia found no reversible error in this case.

This court finds the reasoning of Judges Roush and Stitt to be sound and interprets the above referenced code sections and equity considerations to require that the costs of the proceedings, including attorney's fees expended by Alexandria Square, to be given priority over VHDA's lien.

Next, VHDA objects to the Commissioner's Report to the extent that it recommends the sale of the property. VHDA argues that the property should not be sold to satisfy Alexandria Square's liens because such a sale would be unlikely to produce sufficient proceeds to pay the liens. VHDA states that property has been appraised for $60,000.00. VHDA asserts that the amount needed to pay off its first deed of trust is approximately $61,836.97 and notes that there would be other substantial costs of sale. Thus, VHDA argues that proceeds would not likely satisfy Alexandria Square's liens.

Va. Code § 55-79.84(I) provides "[a]t *any time after perfecting the lien* pursuant to this section, the unit owners' association *may sell* the unit at public sale, subject to prior liens. . . ." (Emphasis added.)

In *Columbia National*, Judge Stitt also ruled that the Virginia Code and the Owners' Association's bylaws authorized the Owners' Association to sell the property free and clear of the first deed of trust holder's lien, notwithstanding that the offered sale price was *less* than the balance due upon Columbia National's lien.

This court finds that Alexandria Square is entitled by statute to sell the unit to satisfy the liens, regardless of the sufficiency of the proceeds produced by such a sale.

Accordingly, the Motion to Confirm Commissioner's Report and Appoint a Special Commissioner of Sale is granted.