Wachovia Bank, N.A.,
successor in interest to
First Union National Bank

v.

Colchester Towne
Condominium Council of Owners
Board of Directors
and Juanita C. James

April 24, 2002

Case No. (Chancery) 177686

BY JUDGE HENRY E. HUDSON

 This case is before the Court on the Complainant's Petition for Injunction. Complainant seeks to enjoin the Defendant condominium association from conducting a public sale of Defendant James's condominium unit to enforce a recorded lien for unpaid association dues. Complainant bank contends that the Defendant association intends to satisfy its lien from the sales proceeds without first paying off the bank's duly recorded first deed of trust on James's unit. The Defendant association, relying on Va. Code § 55-79.84(I), argues that it is entitled to do so.

 After hearing oral argument, the Court issued a Temporary Restraining Order, took Complainant's request for permanent injunctive relief under advisement, and directed counsel to file memoranda of law to aid the Court in construing Va. Code § 55-79.84(I).

 Section 55-79.84 establishes a statutory scheme for the collection of assessments by homeowners' associations. Subsection (I) of that section clearly empowers a homeowners' association to enforce its lien by public sale. At issue is whether the statute requires that the existing first deed of trust be

paid off from the proceeds of a public sale of the homeowner's unit before the association may collect on its lien.

The Defendant association construes § 55-79.84 as permitting it to sell the debtor's unit at public sale exclusively to satisfy its lien. Under the association's interpretation, the first deed of trust is simply assumed by the purchaser. In support of its position, the association refers to the operative language of subsection (I), which provides, in pertinent part, "the unit owner's association may sell the unit at public sale, subject to prior liens." The Court is of the opinion that the Defendant association's interpretation of the phrase "subject to prior liens" is inconsistent with the historical priority of a first deed of trust and the statutory scheme set forth in § 55-79.84.

Basic principles of creditors' rights dictate that a prior lien has priority over a subordinate lien. In this case, the bank's first deed of trust was perfected before the association's lien was recorded. Moreover, as discussed below, it was entitled to statutory priority over the association's lien. Otherwise, if the association enforced its lien, the security for the first trust could be jeopardized by a reduction in existing equity. *See Transamerica Commercial Finance v. F/V Smilelee*, 944 F.2d 186, 189 (4th Cir. 1991) (restating the principle that a preferred mortgage lien has priority over all claims, with exceptions). Under the association's construction of the statute, its lien would not only defeat the first lien of trust, it would also leave the bank with only the carcass of the debtor's estate as its security. This approach defies logic and law.

Accordingly, the bank's first deed of trust takes priority over the claims of the association. The collection scheme created by Va. Code § 55-79.84 further supports the position that the association's claims are subordinate to the first deed of trust. Subsection (A)(iii) clearly dictates that the association's lien for unpaid assessments is subordinate to the bank's prior first deed of trust. That subsection reads, in pertinent part:

> The said lien, once perfected, shall be prior to all other liens and encumbrances except . . . sums unpaid on any . . . first deeds of trust recorded prior to the perfection of said lien for assessments and securing institutional lenders. . . .

Va. Code § 55-79.84(A)(iii).

In *HomeSide Lending v. Unit Owners Assn. of Antietam Square Condominium*, 261 Va. 161 (2001), the Supreme Court addressed the issue of whether, under Va. Code § 55-79.84(A) and (E), court costs and attorneys' fees incurred by a condominium association's suit to enforce liens for

assessments have priority over payment of outstanding sums on a note secured by a first deed of trust. The Court looked to the plain meaning of the terms in Va. Code § 55-79.84 and concluded that under subsection (A), a first deed of trust has priority over the lien of the association for unpaid assessments. *Id.* at 167. *See also Alexandria Square Condominium Unit Owners Assn. v. Wright*, 52 Va. Cir. 588 (1999) (confirming a report by the Commissioner in Chancery that relied on the plain meaning of Va. Code § 55-79.84 to determine that the first deed of trust had priority over the condominium association's lien for assessments).

Clearly, Va. Code § 55-79.84(I) authorizes the Defendant homeowner's association to conduct a public sale of Defendant James's unit to enforce its lien for unpaid assessments. However, the proceeds of that sale must be first applied to the satisfaction of the first deed of trust. Only after the first deed of trust is paid in full may the Defendant homeowners' association collect its lien for assessments from the sales proceeds.

The Court will therefore grant the Complainant's Petition for Injunction with respect to the disposition of the proceeds of the public sale of Defendant James's unit. If the Defendant association elects to enforce its lien by public sale, the association must first apply the proceeds to the Complainant bank's first deed of trust. After the first deed of trust is paid in full, the remainder may be applied to the unpaid homeowners' assessment.

*Order*

Pursuant to the Memorandum Opinion dated April 24, 2002, it is hereby adjudged and ordered that if the Defendant association elects to enforce its lien by public sale, the association must first apply the proceeds to the Complainant's first deed of trust. Therefore, Complainant's Petition for Injunction with respect to the disposition of the proceeds of the public sale of Defendant James's condominium unit is granted. It is further ordered that the Clerk of this Court shall certify copies of this Order to the Complainant and both Defendants.